OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the matter remitted to that court for its exercise of discretion as to retention or dismissal of this action.
In this declaratory judgment action First State Insurance Company seeks judgment that it is not obligated either to defend or indemnify J & S United Amusement with respect to a tort action brought against it for the injuries suffered by Angel Ocasio. The tort action is presently being defended by attorneys provided by First State under a reservation of rights. Ocasio was injured when he fell under a ride known as a "swinging gym” at a street fair in New York City. At the time, he was 15 years of age and was assisting in the operation of the ride, which was owned by defendant McDaniel and operated by defendant J & S. The carnival policy issued by first State Insurance Company to J & S excluded any liability under the Workers’ Compensation Law, any injury to an employee arising out of employment and any injury caused or contributed to by a person employed in violation of the law as to age. Thus coverage of Ocasio’s injuries by First State’s policy turns on whether the relationship between him and J & S was one of employment.
The concluding paragraph of the Appellate Division’s memo *1046 randum suggests that resolution of that issue is available to First State in the underlying tort action between Ocasio and J & S through the remedy of special verdict at trial (CPLR 4111). However, First State is not a party to the underlying tort action, and the fact that it has provided J & S with counsel under a reservation of its right to disclaim coverage does not put it in privity with a party. To the contrary, the attorneys representing J & S, although paid by First State, are obligated to act in the interest of J & S (Public Serv. Mut. Ins. Co. v Goldfarb, 53 NY2d 392, 401; Hartford Acc. & Indent. Co. v Village of Hempstead, 48 NY2d 218, 228-229; Prashker v United States Guar. Co., 1 NY2d 584, 593). First State would, therefore, have no standing to request a special verdict in the tort action.
First State is not, however, without a forum in which to contest coverage. Because it is neither party to nor a participant in the tort action, the employment determination made in that action is not conclusive with respect to its obligation to indemnify (Utica Mut. Ins. Co. v Cherry, 38 NY2d 735, affg 45 AD2d 350, 355, n 3; Jewtraw v Hartford Acc. & Indem. Co., 284 App Div 312, 324-325, on later appeal 286 App Div 931, affg on basis of prior decision, affd without opn 2 NY2d 788). Not being precluded as to that issue, it can, therefore, defend on the basis of the policy exclusions any action for indemnity brought by J & S or any direct action brought pursuant to Insurance Law § 3420 (b) by the tort plaintiffs on their judgment if they recover one (Coleman v New Amsterdam Cas. Co., 247 NY 271, 275; McNamara v Allstate Ins. Co., 3 AD2d 295, 298; see, 12A Couch, Insurance § 45:887, at 534-536 [2d ed]; Ann., 27 ALR3d 350).*
The general rule is that a declaratory judgment as to a carrier’s obligation to indemnify may be granted in advance of trial of the underlying tort action only if it can be concluded as a matter of law that there is no possible factual or legal basis on which the insurer may eventually be held liable under its policy (Spoor-Lasher Co. v Aetna Cas. & Sur. Co., 39 *1047 NY2d 875, 876; Bianco v Travelers Ins. Co., 99 AD2d 629; see, Colon v Aetna Life & Cas. Ins. Co., 66 NY2d 6, 10). Unless it can be said that on the facts of this case defense by First State of an indemnity action by J & S or a direct action by the tort plaintiffs is an inadequate remedy, the Appellate Division’s dismissal of the declaratory judgment action was the proper result, although ordered for the wrong reason.
The matter must, therefore, be remitted to the Appellate Division for the exercise of its discretion as to the adequacy of the alternative remedy available to First State. In that connection we note, in light of the arguments made to us, that on remittal the decision in favor of Aetna Casualty on its motion in this action for summary judgment declaring that its workers’ compensation policy was not in force on the day of Angel Ocasio’s accident, though not part of the record before the Appellate Division, may be considered by it in the exercise of discretion (see, Matter of Ordway, 196 NY 95; Hunter v New York, Ontario & W. R. R. Co., 116 NY 615, 621; Rossbach v Rosenblum, 260 App Div 206, 210, affd 284 NY 745; Schmidt v Magnetic Head Corp., 97 AD2d 151, 158, n 3; Richardson, Evidence § 30 [Prince 10th ed]; Fisch, NY Evidence § 1065 [2d ed]). Of course, in the exercise of discretion whether to permit the present action to continue the rights of the tort plaintiffs as well as those of First State must be considered.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, with costs, and case remitted to the Appellate Division, First Department, for further proceedings in accordance with the memorandum herein.

 The Coleman and McNamara opinions, decided under Insurance Law § 167 (1) (b) and its predecessor, section 109, emphasized the statute’s reference to an action "under the terms of the policy.” The same language appears in Insurance Law § 3420 (a) (2), which is referred to in section 3420 (b). To be distinguished, of course, is the possibility that the tort plaintiffs, as parties to the tort action, may be precluded by the employment determination in that action (see, Hinchey v Sellers, 7 NY2d 287, 294-295, and its discussion of Fox v Employers’ Liab. Assur. Corp., 267 NY 609).