■ COMMERCE AND INDUSTRY INSURANCE COMPANY, Appellant, v WILLIAM SCIALES et al., Defendants, and LLOYD'S SHOPPING CENTERS, INC., Respondent.—In an action, *inter alia*, for a judgment declaring that the plaintiff is not obligated to defend or indemnify the respondent, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Bambrick, J.), dated April 17, 1986, which, *inter alia*, granted the respondent's cross motion for summary judgment, and declared that the plaintiff was bound to defend the respondent, in an action brought against it by the defendants Gordon Craig and Ann Craig, and (2) an order of the same court, dated June 30, 1986, which, after a hearing, awarded the respondent attorneys' fees in the principal sum of $21,562.50. (We deem the notice of appeal dated July 14, 1986 to be a notice of appeal from the order dated June 30, 1986 [see, CPLR 5520 (c)].)

Ordered that the orders are affirmed, with one bill of costs.

Generally, the obligation of an insurer to defend is determined by comparing the allegations in the complaint against the insured with the provisions of the insurance policy *(see, Colon v Aetna Life & Cas. Ins. Co.,* 66 NY2d 6; *Aetna Cas. & Sur. Co. v Liberty Mut. Ins. Co.,* 91 AD2d 317). Based upon such a comparison, we find that the plaintiff has not met its burden of establishing that all the allegations in the complaint in the underlying action fall within the exclusionary provision upon which it relies *(see, Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304, 311). We further find that at this stage, it cannot be said that, as a matter of law, there is no legal or factual basis upon which the plaintiff may eventually be held liable under its policy. Thus, a declaration as to the plaintiff's obligation to indemnify cannot be granted in advance of the trial of the underlying action *(see, First State Ins. Co. v J & S United Amusement Corp.,* 67 NY2d 1044, 1046; *Spoor-Lasher Co. v Aetna Cas. & Sur. Co.,* 39 NY2d 875, 876). However, we note that the Supreme Court, Queens County, improperly found that a determination as to the plaintiff's obligation to indemnify should be obtained by way of a special verdict in the underlying action *(see, First State Ins. Co. v J & S United Amusement Corp.,* 67 NY2d 1044, *supra).*

The plaintiff's further contention that certain time and cash disbursement records were improperly admitted at the hear-

ing held to determine reasonable attorneys' fees is without merit *(see,* CPLR 4518 [a]; *Matter of Leon RR,* 48 NY2d 117, 122; *Sabatino v Turf House,* 76 AD2d 945). The facts that the clerk who compiled the records was not called to testify at the hearing and that the underlying records from which these documents were compiled were not produced go to the weight and not the admissibility of the documents *(see,* CPLR 4518 [a]). Thus, the Supreme Court properly admitted the records over the plaintiff's objection.

Furthermore, we find there was sufficient evidence to support the amount of attorneys' fees awarded. Brown, J. P., Eiber, Kunzeman and Sullivan, JJ., concur.