■ BROOKHAVEN MEMORIAL HOSPITAL MEDICAL CENTER, INC., Appellant-Respondent, v COUNTY OF SUFFOLK, Appellant-Respondent, and RATNA SABNIS et al., Respondents-Appellants.— In an action for a judgment declaring that the County of Suffolk is obligated to defend and indemnify the other parties in an action entitled *Coffin v Brookhaven Mem. Hosp.* (index No. 242/85), the plaintiff appeals, as limited by its brief, and the defendants Sabnis and Pardanani cross-appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Jones, J.), entered May 12, 1988, as denied the plaintiff's motion for summary judgment against the defendant County of Suffolk, denied the request of the defendants Sabnis and Pardanani for summary judgment against the County of Suffolk on their cross claim for declaratory relief, and, *sua sponte,* upon searching the record, dismissed the complaint insofar as it is asserted against the defendant County of Suffolk, and the defendant County of Suffolk appeals, as limited by its notice of appeal and brief, from so much of an order of the same court (Colby, J.), entered January 4, 1989, as, upon reargument, reinstated the complaint as against it, and the defendants Sabnis and Pardanani cross-appeal, as limited by their brief, from so much of the same order as, upon reargument, denied their cross motion for summary judgment as against the County of Suffolk on their cross claim for declaratory relief.

Ordered that the appeal from the order entered May 12, 1988, is dismissed, as that order was superseded by the order entered January 4, 1989, made upon reargument; and it is further,

Ordered that the order entered January 4, 1989, is modified, on the law, by deleting the provision thereof which denied the plaintiff's motion and the cross motion of defendants Sabnis and Pardanani for summary judgment and substituting therefor a provision granting the plaintiff's motion and the cross motion of the defendants Sabnis and Pardanani, and by adding a provision thereto declaring that the County of Suffolk has a duty to defend and indemnify the plaintiff and the defendants Sabnis and Pardanani in the action of *Coffin v Brookhaven Mem. Hosp.* (index No. 242/85), pursuant to the agreement entitled "Health Center Services" between the plaintiff and the County of Suffolk; as so modified, the order is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that the order entered May 12, 1988, is modified accordingly; and it is further,

Ordered that the plaintiff and the defendants Sabnis and Pardanani, appearing separately and filing separate briefs, are awarded one bill of costs payable by the County of Suffolk.

In February 1982, Brookhaven Memorial Hospital Medical Center, Inc. (hereinafter the Hospital) and the County of Suffolk (hereinafter the County) entered into an agreement entitled "Health Center Services" (hereinafter the agreement). The purpose of the agreement was to enable the Hospital to provide staff, facilities and services in order to assist the County in the operation of two comprehensive family health care centers (referred to hereafter collectively as the Health Center), with in-patient care to be provided by the Hospital when required. By the terms of the contract, the County was to defend and indemnify the Hospital and Health Center physician employees in the event of any claim alleging medical malpractice at the Health Center, as well as in the event of "any claim alleging medical malpractice made by a Health Center patient against [a] Health Center physician-employee in connection with treatment at the Hospital", provided that the patient had been treated at the Health Center within two years prior to his admission to the Hospital, and provided that his "admission to the Hospital arises from the condition or conditions for which said patient was treated at the Health Center".

In August 1984, an infant, by her father and natural guardian, sued the Hospital and certain Health Center physician employees to recover damages for medical malpractice. The complaint and bill of particulars alleged that the infant's

mother had received negligent prenatal care at the hands of the named Health Center physician employees over the course of her pregnancy, and that during and following delivery at the Hospital, the child was further damaged by additional negligent acts committed by these same physician employees.

When the County disclaimed coverage, the Hospital commenced the instant action for a judgment declaring that the County was obliged to defend and indemnify it and two of the physicians. Thereafter it moved for summary judgment, alleging that the circumstances of the malpractice action triggered the County's duty to defend and indemnify under the plain wording of the agreement. By order entered May 12, 1988, the Supreme Court dismissed the Hospital's complaint. However, upon reargument, the complaint was reinstated on the ground that there was a "triable issue of fact with respect to whether the infant's mother's admission to the Medical Center arose from alleged negligent treatment by Drs. Sabnis and Pardanani at the Health Center".

The County contends that the declaratory judgment action should be dismissed as premature, and because the Hospital and the two physicians have since commenced a third-party action in the underlying medical malpractice suit. Maintaining that summary judgment was properly denied to the Hospital and physicians because of an outstanding issue of fact regarding preadmission malpractice at the Health Center, it asserts that a strict construction of the agreement at bar supports an award of judgment in its favor. The County's contentions are without merit.

In the first instance, the County's argument that the instant action is premature is raised for the first time on appeal, so that it is unpreserved for appellate review (CPLR 5501; *Nelson v Times Sq. Stores Corp.*, 110 AD2d 691; *Lyons v Quandt*, 91 AD2d 709; *Matter of Van Wormer v Leversee*, 87 AD2d 942).

In any event, while it is true that a declaratory judgment action will be found to be premature where it is unclear "whether the occurrence is within risks covered under [a] policy," and where this determination can only be made following resolution of "the facts as determined in the underlying action" *(Cordial Greens Country Club v Aetna Cas. & Sur. Co.*, 41 NY2d 996, 997), no such ambiguity attends the instant situation. The agreement at bar is unambiguous on its face. The County's obligation to "indemnify and hold harmless * * * from any and all liability, including attorney's fees" requires only that a claim for malpractice be made against the

Health Center and/or its employees, or against the Hospital and the physician employees of the Health Center by a patient referred to it from the Health Center for the same condition within a two-year period. When the terms of this contract are compared with the allegations in the underlying action to recover damages for medical malpractice and the bill of particulars in the underlying action, it is apparent that the Hospital and the doctors have met their burden of establishing the County's duty to defend and indemnify *(see, Commerce & Indus. Ins. Co. v Sciales,* 132 AD2d 516). Since the matter in dispute does not depend upon any fact that may be determined in the underlying action, there is no reason to suspend resolution of this matter until after its adjudication *(see, Hollander v Nationwide Mut. Ins. Co.,* 60 AD2d 380).

The allegation that a third-party action is pending in the underlying action is dehors the record, and may not be considered on this appeal. In any event, the instant action for a declaratory judgment was commenced first. Therefore, the instant action need not be dismissed (Siegel, NY Prac, § 262, at 321; *Gorman v Gorman,* 92 AD2d 709).

There is no merit to the County's contention that a strict construction of the agreement exculpating the Hospital and the doctors from their own negligence requires a judgment in its favor. The County may not escape its obligation by the technical argument that the plaintiff in the underlying action was not a "patient" at the Health Center but, rather, the plaintiff's mother was a "patient" at the Health Center. In such circumstances, under the terms of the agreement, the mother and the child are the patients, and the County may not derive a windfall from the fact that the mother "cannot recover in her own right for the infant's injuries" *(cf., Hughson v St. Francis Hosp.,* 92 AD2d 131, 137). A strict construction of the instant agreement, which expresses unequivocally the intention of the County to indemnify under the circumstances presented here *(see, Margolin v New York Life Ins. Co.,* 32 NY2d 149), requires that summary judgment be granted to the Hospital and the defendant doctors against it. Mollen, P. J., Lawrence, Eiber and Kooper, JJ., concur.