■ NORTH BROADWAY MEDICAL ASSOCIATES, Appellant, v NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES et al., Respondents. [617 NYS2d 838] —In an action for a judgment declaring, inter alia, that the defendants have a duty to defend and indemnify the plaintiff herein in an underlying action brought by Jeannette Rybacki, the plaintiff appeals (1) from an order and judgment (one paper) of the Supreme Court, Nassau County (Molloy, J.), entered October 9, 1992, which, upon granting the defendants' motion for summary judgment and denying the plaintiff's cross motion for summary judgment, declared that the defendants have no duty to defend and indemnify the plaintiff in the underlying action brought by Jeannette Rybacki, and (2) as limited by their brief, from so much of an order of the same court, dated January 25, 1993, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order and judgment

entered October 9, 1992, is dismissed, as that order and judgment was superseded by the order dated January 25, 1993, made upon reargument; and it is further,

Ordered that the order dated January 25, 1993, is reversed insofar as appealed from, on the law, the order and judgment entered October 9, 1992, is vacated, the defendants' motion for summary judgment is denied, the plaintiff's cross motion for summary judgment is granted, and it is declared that the defendants are obligated to defend and indemnify the plaintiff with respect to the underlying action brought by Jeannette Rybacki; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The New York State Department of Social Services, Office of Disability Determinations (hereinafter ODD), frequently requests that claimants for Social Security Disability (hereinafter SSD) benefits undergo examination either by a physician or group of medical providers, commonly referred to as a Consultative Examination Medical Facility (hereinafter CEMF). The CEMF conducts medical examinations and laboratory tests requested by ODD, and provides ODD with medical reports. The plaintiff is a CEMF that provides services under the terms of a written contract with ODD, which provides, *inter alia,* "The Department and the State shall indemnify and hold harmless the [CEMF] and its trustees, officers, agents and employees from any and all claims and losses occurring or resulting to [CEMF] arising out of the negligence of the Department or State, or any Officer, agent or employee thereof in connection with reports submitted by [CEMF], such as denying medical coverage, provided the [CEMF's] report was not negligently prepared".

In December 1987 the appellant conducted an examination of a person, now deceased, then an SSD claimant, for ODD to determine if he was entitled to SSD benefits due to claimed severe depression and osteoarthritis. The appellant determined that, in addition to severe osteoarthritis, the claimant had coronary artery disease and severe pulmonary dysfunction. A chest X-ray, performed by the appellant, revealed a small rounded area of increased density in his lung. The appellant reduced its findings to a medical report for ODD, dated December 21, 1987, which stated, in pertinent part: "CONCLUSION: Slight increase in transverse cardiac diameter. Small rounded area of increased density, apical segment, right lower lobe. The possibility of neoplasm cannot be ruled out, and further evaluation is suggested". The record indicates

that ODD failed to follow the procedure set forth in a Social Security Administration program circular on the disability determination services' obligation to report life-threatening situations, including a "[n]ew mass on chest X-ray", to a claimant's treating physician.

In February 1990 the claimant died due to metastasized lung cancer. Thereafter, in January 1991 the claimant's wife, Jeannette Rybacki, and his estate commenced an action against the appellant and four physicians, seeking damages for pain and suffering and for wrongful death. The bill of particulars in that action alleges that the defendants "were negligent * * * in failing to incorporate and rely on appropriate procedures for the transmission of reports to the plaintiff's decedent and [his] family and [his] private physician". Upon the respondents' refusal to provide counsel or to pay defense expenses, the appellant brought this action. After issue was joined, the respondents moved for summary judgment dismissing the complaint. The appellant cross-moved for summary judgment. The court granted the respondents' motion and denied the appellant's cross motion. We reverse.

Upon our review of the record, including the contract, we conclude that the respondents are obligated to defend and indemnify the appellant with respect to the underlying action (see, Brookhaven Mem. Hosp. Med. Ctr. v County of Suffolk, 155 AD2d 404). Thompson, J. P., Sullivan, Friedmann and Krausman, JJ., concur.