■ ROBERT FAILLA et al., Respondents, v NATIONWIDE INSURANCE COMPANY et al., Appellants, and ALBERT L. AMODEO, Respondent. [701 NYS2d 161] —Crew III, J. Appeal from an order of the Supreme Court (Kane, J.), entered February 8, 1999 in Sullivan County, which, *inter alia*, granted plaintiffs' motion for summary judgment and declared that defendant Nationwide Insurance Company is required to indemnify defendant Albert L. Amodeo in an underlying action.

On May 27, 1991, plaintiff Robert Failla and defendant Albert L. Amodeo each were hunting turkeys in the Town of Fallsburg, Sullivan County. While tracking a turkey, Failla discharged his weapon, striking Amodeo in the back. Amodeo then turned and fired three rounds in the direction of the shot, striking Failla. As a result of this incident, Amodeo pleaded guilty in August 1991 to the reduced charge of reckless endangerment in the second degree.

In April 1992, Failla and his spouse, derivatively, commenced an action against Amodeo (hereinafter the underlying action) seeking to recover for damages allegedly sustained as the result of Amodeo's negligent or intentional conduct. Amodeo answered and counterclaimed for the injuries he allegedly suffered. By letter dated June 11, 1992, defendant Nationwide Insurance Company advised Amodeo, its insured, that it would provide him with a defense as to the entire action but would not indemnify him should his actions be found to have been intentional in nature. Amodeo further was advised, due to the competing theories of liability advanced in the complaint, of his right to obtain a personal attorney, for which Nationwide would pay a reasonable fee.

Shortly before the trial in the underlying action commenced, Amodeo was advised by letter dated February 7, 1994 that Nationwide had concluded that Amodeo's conduct was intentional in nature and, pursuant to the exclusionary portion of the policy between Amodeo and Nationwide, Nationwide would not indemnify Amodeo against any judgment obtained by plaintiffs. During the course of the trial that followed, Supreme Court (Ceresia, Jr., J.) instructed the jury that Amodeo's conduct was negligent as a matter of law. The jury thereafter returned a verdict in favor of plaintiffs but attributed 50% of Failla's injuries to his own negligence. The jury also made an award as to Amodeo's counterclaim. Supreme Court thereafter granted the parties' posttrial motions to set aside the verdict as to damages and ordered a new trial in this regard. Upon appeal, we affirmed (see, *Failla v Amodeo*, 225 AD2d 965).

Plaintiffs thereafter commenced this declaratory judgment action against Nationwide seeking, *inter alia*, a declaration that Nationwide was obligated to indemnify Amodeo for any judgment obtained against him. Nationwide answered and raised various affirmative defenses, including that plaintiffs lacked standing and failed to join necessary parties. Plaintiffs subsequently moved for summary judgment and Nationwide cross-moved for summary judgment dismissing the complaint. Supreme Court (Kane, J.) denied the respective motions except to the extent that plaintiffs were directed to join Amodeo as a necessary party.

Following the service of supplemental pleadings, the parties resubmitted their respective motions to Supreme Court which, *inter alia*, granted plaintiffs' motion for summary judgment in its entirety. In so doing, Supreme Court concluded, *inter alia*, that Nationwide was estopped from litigating whether Amodeo's conduct in shooting Failla was negligent or intentional. This appeal by Nationwide ensued.

As to the timeliness of Nationwide's notice of disclaimer, the parties debate whether Nationwide's June 11, 1992 letter to Amodeo constituted a notice of disclaimer or, rather, merely a reservations of rights letter and, further, whether either the June 11, 1992 or February 7, 1994 letters constituted a timely disclaimer of liability based upon Nationwide's determination that Amodeo's conduct was intentional in nature. This issue ultimately need not detain us, however, for Nationwide concedes in its brief that if Amodeo's actions are found to be negligent, there is coverage under the subject policy. On the other hand, if Amodeo's actions are found to be intentional, it is well settled that an untimely notice of disclaimer cannot cre-

ate coverage where none exists. Hence, the dispositive issue before this Court is not the form or timeliness of Nationwide's notice of disclaimer but, rather, the nature of Amodeo's conduct.

In this regard, plaintiffs argue and Supreme Court found that Nationwide, having provided a defense to Amodeo in the underlying action, had every opportunity to litigate the issue of Amodeo's conduct and, hence, is collaterally estopped from relitigating that issue in the context of the instant declaratory judgment action. We cannot agree.

To be sure, " '[t]he doctrine of collateral estoppel, a narrower species of res judicata, precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same' " (*Mulverhill v State of New York*, 257 AD2d 735, 737-738, quoting *Ryan v New York Tel. Co.*, 62 NY2d 494, 500). "In order to establish privity, 'the connection between the parties must be such that the interests of the nonparty can be said to have been represented in the prior proceeding' " (*Comi v Breslin & Breslin*, 257 AD2d 754, 757, quoting *Green v Santa Fe Indus.*, 70 NY2d 244, 253). A party seeking to defeat the doctrine's application bears the burden of demonstrating "the absence of a full and fair opportunity to litigate the issue in the prior action" (*Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 456).

In our view Nationwide, which was not a party to the underlying action between plaintiffs and Amodeo, cannot be said to have been in privity with Amodeo for purposes of applying the doctrine of collateral estoppel. Based upon the allegations set forth in the underlying complaint, Nationwide was required to, and did indeed, provide a defense to Amodeo (*see generally, Merrimack Mut. Fire Ins. Co. v Carpenter*, 224 AD2d 894, *lv dismissed* 88 NY2d 1016 [duty to defend triggered when the allegations of the complaint fall within the scope of the risks undertaken by the insurer]) and, in light of the competing theories of liability advanced, further advised Amodeo of his entitlement to a personal attorney. Once Amodeo elected to proceed with the attorney provided by Nationwide, however, counsel was obligated to provide Amodeo with a unified defense. In other words, despite the fact that it plainly would have been in Nationwide's best interest to attempt to establish that Amodeo's conduct was intentional, counsel was obligated to pursue a defense that was in Amodeo's best interest— namely, establishing that his conduct was negligent and, hence,

within the coverage of the policy provided by Nationwide (*see generally*, *Nelson Elec. Contr. Corp. v Transcontinental Ins. Co.*, 231 AD2d 207, *lv denied* 91 NY2d 802; *Wiley v New York Cent. Mut. Fire Ins. Co.*, 210 AD2d 829). Under such circumstances, it simply cannot be said that Nationwide's interests were represented in the prior proceeding. Indeed, Nationwide could not have fully and fairly litigated the issue of Amodeo's conduct in the underlying action without breaching both the insurance contract and its fiduciary duty to its insured.

Having concluded that Supreme Court's finding in the underlying action that Amodeo's conduct was negligent as a matter of law is not entitled to preclusive effect, we turn our attention to the parties' respective motions for summary judgment. Although Amodeo testified that he did not intend to harm anyone, the fact remains that upon being shot, he immediately turned and fired three rounds in the direction from which the shot came and subsequently pleaded guilty to reckless endangerment in the second degree. Under such circumstances, we find that the record presents a question of fact as to the nature of Amodeo's conduct and whether coverage indeed is afforded by the policy issued by Nationwide. Accordingly, plaintiffs' motion for summary judgment is denied.

Cardona, P. J., Mikoll, Yesawich Jr. and Mugglin, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiffs' motion for summary judgment and declared that defendant Nationwide Insurance Company is required to indemnify defendant Albert L. Amodeo in the underlying action; motion denied; and, as so modified, affirmed.