■ ACISCLO J. BOU, Respondent, v ALLSTATE INSURANCE COMPANY, Appellant. [725 NYS2d 208] —In an action for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiff in an underlying personal injury action entitled *Cimino v Sachem Central School District,* pending in the Supreme Court, Suffolk County, under Index No. 4452/97, the defendant appeals from an order of the same court (Seidell, J.), dated April 12, 2000, which denied its motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the defendant is not obligated to defend or indemnify the plaintiff in the underlying action.

After the appellant established its prima facie entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact. The evidence demonstrates, as a matter of

law, that the alleged injury was not an unexpected, unusual and unforeseen consequence of the acts of the plaintiff's son, and thus, the incident which caused the injury cannot be considered an accident under the subject insurance policies (*see, Agoado Realty Corp. v United Intl. Ins. Co.*, 95 NY2d 141).

The plaintiff's contention that the appellant is required to defend him because of the allegation in the third-party complaint in the underlying action that the alleged injury was caused by his son's negligence is without merit (*see, Frontier Insulation Contrs. v Merchants Mut. Ins. Co.*, 91 NY2d 169; *cf., Sphere Drake Ins. Co. v 72 Centre Ave. Corp.*, 238 AD2d 574; *Monter v CNA Ins. Cos.*, 202 AD2d 405). Bracken, P. J., Altman, Luciano and H. Miller, JJ., concur.