■ NICHOLAS TANGNEY, Plaintiff, v ANDREW J. BURKE, Defendant and Third-Party Plaintiff-Appellant. CHARTER OAK FIRE INSURANCE Co., Third-Party Defendant-Respondent. [800 NYS2d 44]—

In an action to recover damages for personal injuries, and a third-party action for a judgment declaring that the third-party defendant is obligated to defend and indemnify the defendant in the main action, the defendant third-party plaintiff appeals from a judgment of the Supreme Court, Westchester County (Lefkowitz, J.), dated January 13, 2004, which, upon an order of the same court granting the motion of the third-party defendant for summary judgment, dismissed the third-party complaint and declared that the third-party defendant is not obligated to defend or indemnify him in the main action.

Ordered that the judgment is affirmed, with costs.

On May 9, 2001, in the course of a physical altercation between the plaintiff Nicholas Tangney, and the defendant third-party plaintiff, Andrew J. Burke, Tangney fell about 20 to 25 feet from a ledge and sustained injuries. The fight took place approximately one foot away from this ledge. Tangney commenced an action against Burke to recover damages for his injuries.

On February 25, 2002, Burke notified his parents' homeowner's insurer, the third-party defendant, Charter Oak Fire Insurance Co. (hereinafter Charter Oak), of the main action and requested that it defend and indemnify him. Charter Oak

disclaimed coverage on March 20, 2002, based upon untimely notice, and because the incident was not an accident or occurrence under the policy and resulted in bodily injury excluded as "expected or intended" by the insured. Thereafter, Burke impleaded Charter Oak and sought a declaration that it was obligated to defend and indemnify him in the main action. Charter Oak later moved for summary judgment. The Supreme Court granted the motion on the ground that Burke's conduct constituted an assault which was not an "occurrence" covered by the policy. We affirm.

Summary judgment was properly granted to Charter Oak since it met its prima facie burden of demonstrating its entitlement to judgment as a matter of law, and, in opposition, the defendant third-party plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).

The injuries Tangney allegedly sustained were inherent in the activity Burke engaged in, and Burke's assault cannot be construed as an accident within the definition of "occurrence" for which Charter Oak's policy affords coverage (see Allstate Ins. Co. v Mugavero, 79 NY2d 153, 161 [1992]; Utica Fire Ins. Co. of Oneida County, N.Y. v Shelton, 226 AD2d 705, 706 [1996]; Pistolesi v Nationwide Mut. Fire Ins. Co., 223 AD2d 94, 97 [1996]; Salimbene v Merchants Mut. Ins. Co., 217 AD2d 991, 993-994 [1995]; Mary & Alice Ford Nursing Home Co. v Fireman's Ins. Co. of Newark, N.J., 86 AD2d 736, 737 [1982], affd 57 NY2d 656 [1982]). Were there coverage under the definition of "occurrence" in Charter Oak's policy, then an exclusion would apply for bodily injury "which is expected or intended by any insured," including Burke (see Doyle v Allstate Ins. Co., 255 AD2d 795, 796 [1990]; Monter v CNA Ins. Cos., 202 AD2d 405, 406 [1994]).

Accordingly, the Supreme Court correctly declared that Charter Oak is not obligated to defend or indemnify Burke in the main action. In view of the foregoing it is unnecessary to reach Burke's remaining contention concerning the timeliness of his notice to Charter Oak of this incident. Ritter, J.P., Goldstein, Luciano and Crane, JJ., concur.