■ TRANSCONTINENTAL INSURANCE COMPANY, in its Own Right and as Subrogee of NORTH SHORE NEON SIGNS, INC., Appellant-Respondent, v STATE OF NEW YORK, Respondent-Appellant. [802 NYS2d 643]—

Order of the Court of Claims of the State of New York (S. Michael Nadel, J.), entered September 1, 2004, which denied claimant's summary judgment motion seeking a declaration that defendant is obligated to reimburse it for half the defense costs and indemnity payments expended on behalf of their mutual insured, and denied defendant's cross motion for summary judgment dismissing the claim, unanimously affirmed, without costs.

Claimant and defendant were coinsurers of a company whose employee was injured while installing a sign on the facade of an automobile dealership. Claimant issued general and excess liability policies to the insured and defendant issued a workers' compensation and employers' liability policy. The employee commenced an action against the owner of the premises where the accident occurred, the owner of the automobile dealership who leased the premises, and the contractor hired to manufacture the sign. These entities, in turn, commenced a third-party action against the insured seeking contractual and common-law indemnification and, in relevant part, alleging that the employee suffered a "grave injury" pursuant to Workers' Compensation Law § 11. When the third-party complaint was presented to claimant and defendant as joint insurers, claimant advised the State Insurance Fund that it would assume the defense of the action, but requested "a contribution towards the defense and indemnity." Summary judgment motions in the underlying personal injury action were granted and the court determined, inter alia, that the injured employee had in fact suffered a grave injury pursuant to Workers' Compensation Law § 11. Following the court's determination, claimant rejected defendant's attempts to appeal the court's finding, and the personal injury action was settled for $2.5 million, to which defendant refused to contribute.

Claimant commenced the instant action seeking half the settlement payment and expenses incurred in defending the third-party action, and moved for summary judgment on the ground that defendant breached its duty to defend and indemnify the insured. Defendant cross-moved for summary dismissal of the claim on the basis that it did not breach its duties and

there was no covered loss since the employee had not suffered a grave injury.

There are triable issues with respect to whether defendant breached its duty to indemnify its insured, on the assertion that there is no such obligation in the absence of a covered loss. Although defendant declined to contribute to the defense and disagreed with the allegation in the third-party complaint that the employee suffered a grave injury, defendant, upon receiving the third-party complaint, did passively participate in the defense until it became apparent that claimant was assuming the defense on its own, subject to expectation that expenses would be shared.

Further concerning defendant's alleged duty to indemnify, although the motion court in the underlying personal injury action determined that the injured employee had suffered a grave injury, defendant is entitled to a de novo determination of the issue and is not collaterally estopped from challenging the finding inasmuch as defendant's interests were not represented in the underlying action (see *Failla v Nationwide Ins. Co.*, 267 AD2d 860 [1999]).

We have considered the parties' remaining contentions for affirmative relief and find them unavailing. Concur—Saxe, J.P., Friedman, Nardelli, Gonzalez and Catterson, JJ.