Unitrin Auto & Home Ins. Co. v Sullivan (2020 NY Slip Op 00452)





Unitrin Auto & Home Ins. Co. v Sullivan


2020 NY Slip Op 00452


Decided on January 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2016-03116
2017-03240
 (Index No. 21632/14)

[*1]Unitrin Auto and Home Insurance Company, respondent, 
v
Brian C. Sullivan, et al., defendants, George A. Ciminello, appellant.


Gruenberg Kelly Della, Ronkonkoma, NY (Zachary M. Beriloff of counsel), for appellant.
Sedgwick LLP, New York, NY (J. Gregory Lahr and Angelo L. Reppas of counsel), for respondent.



DECISION & ORDER
In an action for a declaratory judgment, the defendant George A. Ciminello appeals from (1) an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated January 4, 2016, and (2) an order of the same court dated January 19, 2017. The order dated January 4, 2016, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment declaring that it is not obligated to indemnify the defendant Brian C. Sullivan in an underlying action entitled Ciminello v Sullivan, commenced in the Supreme Court, Suffolk County, under Index No. 21023/05. The order dated January 19, 2017, denied the motion of the defendant George A. Ciminello for leave to renew his opposition to that branch of the plaintiff's prior motion which was for summary judgment declaring that it is not obligated to indemnify the defendant Brian C. Sullivan in the underlying action.
ORDERED that the order dated January 4, 2016, is reversed insofar as appealed from, on the law, and that branch of the plaintiff's motion which was for summary judgment declaring that it is not obligated to indemnify the defendant Brian C. Sullivan in an underlying action entitled Ciminello v Sullivan, commenced in the Supreme Court, Suffolk County, under Index No. 21023/05, is denied; and it is further,
ORDERED that the appeal from the order dated January 19, 2017, is dismissed as academic in light of our determination on the appeal from the order dated January 4, 2016; and it is further,
ORDERED that one bill of costs is awarded to the appellant.
The defendant George A. Ciminello commenced an underlying action to recover damages for personal injuries against, among others, the defendant Brian C. Sullivan. Ciminello allegedly sustained injuries when he was struck by a cup thrown out of a window of a vehicle operated by Sullivan.
At the time of the incident, Sullivan was insured under a combination homeowners and automobile policy issued by the plaintiff, Unitrin Auto and Home Insurance Company (hereinafter Unitrin). The homeowners personal liability part of the policy provided that Unitrin would indemnify the insured for a bodily injury damages claim caused by an "occurrence," which was defined by the policy as "an accident." The automobile liability part of the policy provided that Unitrin would pay damages for bodily injury for which any insured becomes legally responsible because of an automobile accident. The policy also contained a personal catastrophe liability endorsement which provided that Unitrin would pay that portion of the damages for bodily injury for which a covered person is legally responsible which exceeds the retained limit.
Unitrin commenced this action for a judgment declaring that it is not obligated to indemnify Sullivan in the underlying action. After issue was joined, Unitrin moved, inter alia, for summary judgment on the complaint. In an order dated January 4, 2016, the Supreme Court, inter alia, granted that branch of Unitrin's motion. In an order dated January 19, 2017, the court denied Ciminello's motion for leave to renew his opposition to that branch of Unitrin's motion. Ciminello appeals.
Unitrin established its prima facie entitlement to judgment as a matter of law declaring that there was no coverage under the homeowners personal liability and automobile liability sections of the policy by submitting evidence demonstrating that the claim did not arise out of an accident but was the result of Sullivan's intentional act (see Ciminello v Sullivan, 65 AD3d 1002, 1003; see also Allstate Ins. Co. v Mugavero, 79 NY2d 153, 161; Empire Ins. Co. v Miguel, 114 AD3d 539, 540; Allstate Ins. Co. v Schimmel, 22 AD3d 616, 616; Tangney v Burke, 21 AD3d 367, 368; Salimbene v Merchants Mut. Ins. Co., 217 AD2d 991, 994). In opposition, however, Ciminello raised a triable issue of fact as to whether the harm was inherent in the intentional act committed (see State Farm Mut. Auto. Ins. Co. v Langan, 16 NY3d 349, 355; Kemper Independence Ins. Co. v Ellis, 128 AD3d 1529, 1530; Massa v Nationwide Mut. Fire Ins. Co., 74 AD3d 1661, 1663; Clayburn v Nationwide Mut. Fire Ins. Co., 58 AD3d 990, 992; Medrano v State Farm Fire & Cas. Co., 54 AD3d 662, 664). Ciminello submitted evidence that, although Sullivan and his passenger intended to douse Ciminello with the liquid contained in the cup, there was no intent to throw the cup and strike Ciminello with it. As the instant case does not fall within the narrow class of cases in which the intentional act exclusion applies regardless of the insured's subjective intent (see Slayko v Security Mut. Ins. Co., 98 NY2d 289, 293), there is a triable issue of fact as to whether the event qualified as an "accident," as defined by the policy (see McGroarty v Great Am. Ins. Co., 36 NY2d 358, 363; Graphic Arts Mut. Ins. Co. v Pine Bush Cent. Sch. Dist., 159 AD3d 769, 772).
The parties' remaining contentions are not properly before this Court or need not be reached in light of our determination.
Accordingly, the Supreme Court should have denied that branch of Unitrin's motion which was for summary judgment declaring that it is not obligated to indemnify Sullivan in the underlying action.
DILLON, J.P., LEVENTHAL, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court