Mapfre Ins. Co. of N.Y. v Ferrall (2023 NY Slip Op 01082)

Mapfre Ins. Co. of N.Y. v Ferrall

2023 NY Slip Op 01082

Decided on March 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2020-04686
 (Index No. 614877/18)

[*1]Mapfre Insurance Company of New York, appellant,
v
Edward J. Ferrall, et al., respondents.

Scahill Law Group, P.C., Bethpage, NY (Keri A. Wehrheim of counsel), for appellant.
The Law Office of Robert P. Macchia & Associates, PLLC, Westbury, NY, for respondents Edward J. Ferrall, James G. Ferrall, and Irene M. Ferrall.
The Barnes Firm, P.C., Buffalo, NY (Martha Pigott of counsel), for respondent Ryan Groskopf.

DECISION & ORDER
In an action for a judgment declaring that the plaintiff is not obligated to defend or indemnify the defendants Edward J. Ferrall, James G. Ferrall, and Irene M. Ferrall in an underlying action entitled Groskopf v Ferrall, pending in the Supreme Court, Nassau County, under Index No. 608244/18, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), entered May 18, 2020. The order and judgment, insofar as appealed from, granted the motion of the defendant Ryan Groskopf, and the separate motion of the defendants Edward J. Ferrall, James G. Ferrall, and Irene M. Ferrall, for summary judgment declaring that the plaintiff is obligated to defend and indemnify the defendants Edward J. Ferrall, James G. Ferrall, and Irene M. Ferrall in the underlying action, and declared that the plaintiff is so obligated.
ORDERED that the order and judgment is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the motion of the defendant Ryan Groskopf, and the separate motion of the defendants Edward J. Ferrall, James G. Ferrall, and Irene M. Ferrall, for summary judgment declaring that the plaintiff is obligated to defend and indemnify the defendants Edward J. Ferrall, James G. Ferrall, and Irene M. Ferrall in the underlying action are denied.
The defendants Ryan Groskopf and Edward J. Ferrall (hereinafter Edward) were involved in an altercation outside a bar in 2017. During the altercation, Edward struck Groskopf in the head with a baton, causing injuries. Groskopf commenced a personal injury action against Edward and his parents, the defendants James G. Ferrall and Irene M. Ferrall (hereinafter collectively the Ferrall defendants), alleging that Edward negligently and recklessly caused Groskopf's injuries (hereinafter the underlying action).
In November 2018, the plaintiff, Mapfre Insurance Company of New York (hereinafter Mapfre), commenced this action against Groskopf and the Ferrall defendants seeking [*2]a judgment declaring that it is not obligated to defend or indemnify the Ferrall defendants in the underlying action. In September 2019, Groskopf moved for summary judgment declaring that Mapfre is obligated to defend and indemnify the Ferrall defendants in the underlying action, and the Ferrall defendants separately moved for the same relief. By order and judgment entered May 18, 2020, the Supreme Court, inter alia, granted the defendants' separate motions. Mapfre appeals.
A liability insurer's "'duty to pay is determined by the actual basis for the insured's liability to a third person'" (Frontier Insulation Contrs. v Merchants Mut. Ins. Co., 91 NY2d 169, 178, quoting Servidone Constr. Corp. v Security Ins. Co. of Hartford, 64 NY2d 419, 424). "The duty to indemnify on the part of an insurer requires a determination that the insured is liable for a loss that is covered by the policy" (Belsito v State Farm Mut. Ins. Co., 27 AD3d 502, 503). The burden to establish coverage and a duty to indemnify lies with the insured (see Consolidated Edison Co. of N.Y. v Allstate Ins. Co., 98 NY2d 208, 218; Stout v 1 E. 66th St. Corp., 90 AD3d 898, 903). However, the insurer has the burden of proving facts establishing that the loss falls within an exclusionary clause of the insurance policy (see Prashker v United States Guar. Co., 1 NY2d 584, 592; Vermont Mut. Ins. Group v LePore, 211 AD3d 1217, 1219; see also Stellar Mech. Servs. of N.Y., Inc. v Merchants Ins. of N.H., 74 AD3d 948, 953).
Here, the insurance policy at issue defines an "[o]ccurrence" as "an accident . . . which results . . . in . . . '[b]odily injury.'" Although the term "accident" is not defined in the policy, "in deciding whether a loss is the result of an accident, it must be determined, from the point of view of the insured, whether the loss was unexpected, unusual and unforeseen" (Agoado Realty Corp. v United Intl. Ins. Co., 95 NY2d 141, 145; see Bou v Allstate Ins. Co., 283 AD2d 534, 534-535). The policy also contains an exclusion for bodily injury "which is expected or intended by an 'insured.'"
Accidental results can flow from intentional acts, and, thus, a loss may be unintended even though the original act or acts leading to the loss were intentional (see Allegany Co-op Ins. Co. v Kohorst, 254 AD2d 744, 744; Barry v Romanosky, 147 AD2d 605, 606). "'[M]ore than a causal connection between the intentional act and the resultant harm is required to prove that the harm was intended'" (Slayko v Security Mut. Ins. Co., 98 NY2d 289, 293, quoting Allstate Ins. Co. v Mugavero, 79 NY2d 153, 160). However, under certain circumstances, where harm is inherent in the nature of the intentional act, such intentional act will be deemed to have intentionally caused such harm (see Slayko v Security Mut. Ins. Co., 98 NY2d at 293; Allstate Ins. Co. v Mugavero, 79 NY2d at 161; New York Cent. Mut. Fire Ins. Co. v Wood, 36 AD3d 1048, 1049-1050).
In this declaratory judgment action, our inquiry is "twofold: [1] whether an 'occurrence' is involved that gives rise to policy coverage and, [2] if so, whether it falls within the 'expected or intended' injury policy exclusion" (Automobile Ins. Co. of Hartford v Cook, 7 NY3d 131, 136).
In support of their respective motions for summary judgment, Groskopf and the Ferrall defendants submitted, inter alia, transcripts of their own deposition testimony from the underlying action, and Groskopf's sworn statement submitted in support of criminal proceedings taken against Edward. In his statement, dated September 30, 2017, Groskopf averred that earlier that morning, after 2:00 a.m., he was walking from his apartment to get pizza when he saw his friends involved in a verbal altercation with "some guys." He attempted to "diffuse" the situation. He was pushed by an "unknown person," and he pushed the person back. He "then saw a baton get whipped out and expanded." Upon seeing the baton, he said, "Woah, Woah," and backed up. He then "got struck on the head, fell on the ground, lost consciousness momentarily, then got up and attempted to chase the male down." At the scene, Groskopf identified the person who struck him with the baton, i.e., Edward, and requested "prosecution to the fullest extent" of the law.
During his deposition in the underlying action, Groskopf testified that the person who had pushed him was not the same person who struck him with the baton, i.e., Edward. Upon seeing the baton, Groskopf testified that he "t[ook] a step back." Edward was not "being aggressive with" the baton. However, when Groskopf's friend "Chris" lunged toward Edward in an aggressive manner, Groskopf was struck in head with the baton. Groskopf did not see Edward indicate any sign [*3]of aggression directed specifically at him.
In his deposition in the underlying action, Edward testified that during the commotion, a group of five men, all of whom were taller than him, were yelling and cursing at him "as though maybe [he] was part of the commotion." Edward "backed up" and "pulled out the stick to wave them off to scare them away." According to Edward, he "didn't intentionally mean to hit anyone but create like a circle of just waving it to get them away." Edward did not recall how the five men reacted when he started swinging the baton. At some point, Edward struck one of the five individuals who were aggressively coming at him. In a criminal proceeding arising from the incident, Edward entered a plea of guilty to (1) assault in the third degree, admitting that he "recklessly" caused physical injury to another person, and (2) criminal possession of a weapon in the fourth degree, admitting that he knowingly possessed a weapon, i.e., the baton.
"[T]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (Alvarez v Prospect Hosp., 68 NY2d 320, 324; see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). "It is not the function of a court . . . to make credibility determinations or findings of fact, but rather to identify material triable issues of fact (or point to the lack thereof)" (Vega v Restani Constr. Corp., 18 NY3d 499, 505). Moreover, summary judgment must be denied "[w]here different inferences may be drawn from facts that are undisputed" (Sodexho Mgt., Inc. v Nassau Health Care Corp., 23 AD3d 370, 371; see Sadowski v Long Is. R.R. Co., 292 NY 448, 454-455; Shea v Johnson, 101 AD2d 1018, 1019).
Here, Groskopf and the Ferrall defendants failed to establish, prima facie, their respective entitlement to judgment as a matter of law on whether an "occurrence" was involved giving rise to policy coverage and, if so, whether such occurrence fell within the "expected or intended" injury policy exclusion. Notwithstanding that, at their depositions in the underlying action, Groskopf and Edward both gave versions of the incident characterizing Edward's act in striking Groskopf in the head with an illegal baton as being unintentional, varying inferences regarding Edward's intent may nonetheless be drawn from the circumstances described where the incident occurred during a heated altercation between two groups of men in the early morning hours. Moreover, in Groskopf's sworn statement in support of the criminal proceedings against Edward, Groskopf did not suggest that Edward's conduct in striking him was accidental, and, in fact, requested that Edward be prosecuted "to the fullest extent" of the law.
Contrary to the Supreme Court's determination, since Mapfre was not a party in the underlying action, it did not have an opportunity to participate in the depositions or otherwise litigate the issue of Edward's intent in the underlying action (see First State Ins. Co. v J & S United Amusement Corp., 67 NY2d 1044, 1046). The mere fact that Mapfre provided the Ferrall defendants with counsel under a reservation of its right to disclaim coverage does not put it in privity with the Ferrall defendants (see id. at 1046). "To the contrary, the attorneys representing [the Ferrall defendants] . . . , although paid by [Mapfre] . . . , are obligated to act in the interest of [the Ferrall defendants]" (id.). As such, any determination in the underlying action regarding Edward's intent is not binding upon Mapfre (see id. at 1046-1047; Dreyer v New York Cent. Mut. Fire Ins., 106 AD3d 685, 687; Failla v Nationwide Ins. Co., 267 AD2d 860, 862). Indeed, in the underlying action, it was in the mutual best interests of Groskopf and the Farrell defendants to characterize Edward's conduct as accidental and, hence, within the coverage of the policy (see Failla v Nationwide Ins. Co., 267 AD2d at 862-863).
Given that there are questions of credibility and that various inferences may be drawn from the circumstances, the Supreme Court should have denied the respective motions of the Ferrall defendants and Groskopf for summary judgment declaring that Mapfre is obligated to defend and indemnify the Ferrall defendants in the underlying action (see Matijiw v New York Cent. Mut. Fire Ins. Co., 292 AD2d 865, 865-866; Failla v Nationwide Ins. Co., 267 AD2d at 864; see also Dreyer v New York Cent. Mut. Fire Ins., 106 AD3d at 687-688; Massa v Nationwide Mut. Fire Ins. Co., 74 AD3d 1661).
Contrary to the Supreme Court's determination, Groskopf and the Ferrall defendants also failed to demonstrate their respective prima facie entitlement to judgment as a matter of law based upon Mapfre's alleged untimely disclaimer. "A disclaimer is unnecessary when a claim falls outside the scope of a policy's coverage portion, since 'requiring payment of a claim upon failure to timely disclaim would create overage where it never existed'" (City of New York v St. Paul Fire & Mar. Ins. Co., 21 AD3d 978, 980, quoting Matter of Worcester Ins. Co. v Bettenhauser, 95 NY2d 185, 188). By contrast, a timely disclaimer is required when a claim falls within the coverage terms but is denied based on a policy exclusion (see City of New York v St. Paul Fire & Mar. Ins. Co., 21 AD3d 978, 980). Here, given that there are triable issues of fact regarding whether the claim falls within the coverage, Groskopf and the Ferrall defendants failed to establish, prima facie, that a timely disclaimer was required.
In light of our determination, we need not reach the parties' remaining contentions.
BARROS, J.P., MILLER, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court