Unitrin Auto & Home Ins. Co. v Sullivan (2025 NY Slip Op 06354)

Unitrin Auto & Home Ins. Co. v Sullivan

2025 NY Slip Op 06354

Decided on November 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2022-01607
 (Index No. 21632/14)

[*1]Unitrin Auto and Home Insurance Company, respondent, 
v
Brian C. Sullivan, et al., defendants, George A. Ciminello, appellant.

Grunberg Kelly Della (Horn Appellate Group, Brooklyn, NY [Scott T. Horn and Lauren E. Bryant], of counsel), for appellant.
Hinshaw & Culbertson LLP (BatesCarey LLP, New York, NY [Agelo L. Reppas], of counsel), for respondent.

DECISION & ORDER
In an action for a judgment declaring that the plaintiff is not obligated to indemnify the defendant Brian C. Sullivan in an underlying action entitled Ciminello v Sullivan, commenced in the Supreme Court, Suffolk County, under Index No. 21023/05, the defendant George A. Ciminello appeals from a judgment of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated March 1, 2022. The judgment, after a nonjury trial, declared that the plaintiff is not obligated to indemnify the defendant Brian C. Sullivan in the underlying action.
ORDERED that the judgment is affirmed, with costs.
In 2005, the defendant George A. Ciminello commenced an action to recover damages for personal injuries against, among others, the defendants Brian C. Sullivan and Robert Harford due to an incident where Ciminello was struck by a cup thrown out of a window of a vehicle operated by Sullivan (hereinafter the underlying action). In October 2014, the plaintiff, Unitrin Auto and Home Insurance Company (hereinafter Unitrin), commenced this action against, among others, Sullivan, Harford, and Ciminello for a judgment declaring that it is not obligated to indemnify Sullivan in the underlying action. Unitrin alleged, inter alia, that the incident was not an "occurrence" within the meaning of an insurance policy issued to Sullivan. Ciminello joined issue with service of an answer, and Sullivan and Harford failed to appear or answer.
In May 2015, Unitrin moved, among other things, for summary judgment declaring that it is not obligated to indemnify Sullivan in the underlying action. In an order dated January 4, 2016, the Supreme Court, inter alia, granted that branch of Unitrin's motion. Ciminello appealed. In a decision and order dated January 22, 2020, this Court, among other things, reversed the January 4, 2016 order insofar as appealed from and denied that branch of Unitrin's motion, concluding that a triable issue of fact existed as to whether the harm was inherent in the intentional act committed (see Unitrin Auto & Home Ins. Co. v Sullivan, 179 AD3d 970, 972). Thereafter, the Supreme Court conducted a nonjury trial on the question of whether the incident qualified as an accident within the meaning of the insurance policy.
In a judgment dated March 1, 2022, after the trial, the Supreme Court found that the incident was not an accident within the meaning of the insurance policy and declared that Unitrin is not obligated to indemnify Sullivan in the underlying action. Ciminello appeals.
"The duty to indemnify on the part of an insurer requires a determination that the insured is liable for a loss that is covered by the policy" (Matter of Progressive Dr. Ins. v Malone, 228 AD3d 759, 761 [internal quotation marks omitted]; see Mapfre Ins. Co. of N.Y. v Ferrall, 214 AD3d 635, 636). "[I]n deciding whether a loss is the result of an accident, it must be determined, from the point of view of the insured, whether the loss was unexpected, unusual and unforeseen" (Nationwide Mut. Fire Ins. Co. v Nelson, 232 AD3d 747, 749 [emphasis and internal quotation marks omitted]; see Mapfre Ins. Co. of N.Y. v Ferrall, 214 AD3d at 636). "Accidental results can flow from intentional acts, and, thus, a loss may be unintended even though the original act or acts leading to the loss were intentional" (Mapfre Ins. Co. of N.Y. v Ferrall, 214 AD3d at 636; see Graphic Arts Mut. Ins. Co. v Pine Bush Cent. Sch. Dist., 159 AD3d 769, 772). "However, under certain circumstances, where harm is inherent in the nature of the intentional act, such intentional act will be deemed to have intentionally caused such harm" (Mapfre Ins. Co. of N.Y. v Ferrall, 214 AD3d at 637; see Slayko v Security Mut. Ins. Co., 98 NY2d 289, 293).
"'As the party seeking a declaratory judgment, the plaintiff bears the burden of demonstrating [its] entitlement thereto'" (Barricella v Papadopoulos, 241 AD3d 1249, 1251, quoting Nicosia v Shultis, 239 AD2d 473, 473).
Here, Unitrin established that the incident was not an accident within the meaning of the insurance policy. In the underlying action, prior to proceeding to trial on the issue of damages, Sullivan and Harford conceded liability on the intentional tort cause of action asserted in the second amended complaint, which alleged, inter alia, that Ciminello's injuries were the result of "willful, wanton and intentional acts." Further, at his deposition in the underlying action, Sullivan testified that he and Harford planned to fill a cup with liquid and "and throw[ ] it at somebody." The evidence established that Sullivan and Harford did, in fact, execute this plan as intended when Sullivan drove his vehicle to within 2 to 10 feet of Ciminello at approximately 30 miles per hour, and Harford, with his arm extended outside the vehicle, struck Ciminello's face with the cup, which was found "[s]plintered and cut into pieces" after the incident. Moreover, Sullivan's and Harford's reactions immediately following the incident further indicated that the contact was not unintentional. Contrary to Ciminello's contention, the harm was inherent in the nature of the intentional acts (see Allstate Ins. Co. v Mugavero, 79 NY2d 153, 161; Tangney v Burke, 21 AD3d 367, 368). Since Unitrin established that the harm was inherent in the nature of the intentional acts, the assault was not an accident within the meaning of the insurance policy (see Tangney v Burke, 21 AD3d at 368).
Accordingly, the Supreme Court properly issued a judgment declaring that Unitrin is not obligated to indemnify Sullivan in the underlying action.
DUFFY, J.P., MILLER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court