■ ALLSTATE INSURANCE COMPANY, Appellant, v NEIL KEMP, Respondent, et al., Defendants.—Casey, J. Appeal from an order of Supreme Court (McDermott, J.), entered September 14, 1987 in Albany County, which granted defendant Neil Kemp's motion to stay this declaratory judgment action pending trial of a personal injury action against Kemp.

Plaintiff seeks a declaratory judgment declaring that it is not obligated to defend or indemnify defendant Neil Kemp, its insured under a homeowner's policy, in a personal injury action by a third party against Kemp and others. Plaintiff contends that there is no coverage under its policy since the complaint in the personal injury action seeks to recover damages for intentional tort, which is excluded under the terms of plaintiff's policy. In addition to a cause of action based upon intentional assault, however, the complaint in the personal injury action against Kemp also alleges a cause of action sounding in negligence. Specifically, it is alleged that "Kemp was engaged in an effort to ward off and defend against force and violence being directed against him by persons other than the Plaintiff when he negligently, mistakenly, carelessly, recklessly and wantoly [sic] hit, struck, beat and assaulted the Plaintiff".

"The general rule is that a declaratory judgment as to a carrier's obligation to indemnify may be granted in advance of trial of the underlying tort action only if it can be concluded as a matter of law that there is no possible factual or legal basis on which the insurer may eventually be held liable under its policy (*First State Ins. Co. v J & S United Amusement Corp.*, 67 NY2d 1044, 1046). Thus, we have granted declaratory relief to an insurer where the uncontradicted evidence conclusively established that a policy exclusion was applicable (*Electric Ins. Co. v Boutelle*, 122 AD2d 332). However, in *State Farm Fire & Cas. Co. v Joslyn* (99 AD2d 631), a case which we find to be indistinguishable from the case at bar, we held that it would be premature to decide in a declaratory judgment action which of the different theories of liability advanced in the underlying tort action, intentional assault or negligence, will ultimately be proven. The question of the applicability of the holding of this court in *Mazzaferro v Albany Motel Enters.* (127 AD2d 374, 376), where we adopted the view that there is no such thing as a negligent assault, must await further development of the record in the underlying personal injury action. Supreme Court's order should, therefore, be affirmed.

Order affirmed, with costs. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.