■ HANDLEBAR, INC., Doing Business as BLUE JAY WAY, et al., Respondents, v UTICA FIRST INSURANCE COMPANY, Appellant, et al., Defendant. [735 NYS2d 249] —Mugglin, J. Appeal from an order of the Supreme Court (Bradley, J.), entered July 18, 2001 in Ulster County, which, inter alia, denied a motion by defendant Utica First Insurance Company for summary judgment dismissing the complaint against it.

In this action, plaintiffs seek a declaratory judgment that defendant Utica First Insurance Company (hereinafter defendant) is obligated to defend and indemnify them in an underlying action brought by defendant Robert Myroniuk alleging injuries as a result of plaintiffs' negligence, violation of the Dram Shop Act and assault. That action was the result of an incident which occurred at the Blue Jay Way tavern in the City of Kingston, Ulster County, wherein Myroniuk alleged that he sustained personal injuries when plaintiff Daniel Greaves, an employee of plaintiff Handlebar, Inc., struck Myroniuk with a baseball bat. In a criminal proceeding in Kingston City Court, Greaves described having an argument with Myroniuk during which Myroniuk picked up a steel bar stool. Greaves testified that he believed Myroniuk's intent was to strike him with the bar stool, but that he was prevented from doing so by another patron who seized hold of it. It was then that Greaves grabbed the baseball bat, ran from behind the bar and struck a hard blow to Myroniuk's leg.

Defendant disclaimed any responsibility to defend or indemnify plaintiffs based on two provisions found in the insurance policy or endorsements or attachments. The first of these endorsements (hereinafter referred to as the assault exclusion) provides as follows: "Notwithstanding anything contained herein to the contrary, it is understood and agreed that this policy excludes any and all claims arising out of any assault, battery, fight, altercation, misconduct or any other similar incident or act of violence, whether caused by or at the instigation of, or at the direction of the insured, his employees, customers, patrons, guests or any cause whatsoever, including but not limited to claims of negligence or improper hiring practices, negligent[,] improper or non-existent supervision of employees, patrons or guests and negligence in failing to protect customers, patrons or guests." The second provision (hereinaf-

ter the Dram Shop exclusion) excludes coverage for claims arising out of bodily injury, resulting from the improper sale of alcohol. This provision specifically states that it excludes claims for bodily injury for which an insured may be liable:

"(1) as a person or organization engaged in the * * * selling or serving of alcoholic beverages; or

"(2) If not so engaged, as an owner * * * of premises used for such purposes, if such liability is imposed:

"(a) by or because of the violation of any statute, ordinance or regulation pertaining to the sale * * * of any alcoholic beverage; or

"(b) by reason of the selling, serving or giving of any alcoholic beverage to a minor or to a person under the influence of alcohol or which causes or contributes to the intoxication of any person; * * *."

Defendant moved for summary judgment, contending that the assault exclusion relieved it of all liability to defend and indemnify plaintiffs for the negligence and assault causes of action and that the Dram Shop exclusion likewise entitled it to summary judgment with respect to the remaining cause of action. In addition to opposing defendant's motion for summary judgment, plaintiffs cross-moved for partial summary judgment, contending that the following policy language creates an ambiguity in the policy entitling them to a defense, if not indemnification:

"WE DO NOT PAY FOR:

"a) bodily injury or property damage expected or intended from the standpoint of the insured. *This exclusion does not apply to bodily injury resulting from the use of reasonable force to protect persons or property*" (emphasis supplied).

Plaintiffs argued that the assault exclusion applied to offensive conduct, whereas this policy provision applied to defensive conduct and that Greaves engaged in only defensive conduct by using reasonable force to protect himself and his patrons. Plaintiffs also cross-moved for additional discovery asserting that they were unable to factually determine if the assault exclusion was actually part of their policy. Supreme Court denied defendant's motion for summary judgment and partially granted plaintiffs' cross motion for partial summary judgment by directing that defendant has a duty to defend plaintiffs in the underlying action. Supreme Court's decision is silent with respect to the cross motion for additional discovery. Defendant appeals.

We perceive that whether or not the assault exclusion is a

part of the policy is no longer at issue. In its brief, defendant asserts that it is part of the policy and governs the disposition herein. Plaintiffs, as limited by their brief, argue only that the basic policy provisions and the assault exclusion, "read together," create a duty to defend where the insured allegedly injured Myroniuk while acting in self-defense or in defense of others. As an alternative argument, plaintiffs only argue that an ambiguity is created by the two policy provisions. We therefore deem abandoned any claim that the assault exclusion is not part of the policy. This exclusion must be read with the policy, "and the words of the policy remain in full force and effect except as altered by the words of the endorsement" (*County of Columbia v Continental Ins. Co.*, 83 NY2d 618, 628). The assault exclusion begins, "Notwithstanding anything contained herein to the contrary." Clearly, the language of the exclusion then controls over any contrary language in the policy.

Each of Myroniuk's negligence theories* is dependent on the assault and battery and, as they are solely and entirely within the exclusionary provisions of the assault exclusion, defendant has no duty to defend or indemnify plaintiffs (*see, Mount Vernon Fire Ins. Co. v Creative Hous.*, 88 NY2d 347, 351; *U.S. Underwriters Ins. Co. v Val-Blue Corp.*, 85 NY2d 821, 823).

Moreover, Myroniuk's allegations concerning a violation of the Dram Shop Act—that alcoholic beverages were continually served to Greaves while he was visibly intoxicated—fall squarely within the Dram Shop exclusion relieving the insurer of any duty to defend or indemnify (*see, Cole's Rest. v North Riv. Ins. Co.*, 85 AD2d 894, 894-895).

Cardona, P.J., Peters, Spain and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, without costs, plaintiffs' cross motion denied, motion by defendant Utica First Insurance Company granted, summary judgment awarded to said defendant and complaint dismissed against it.

---

* The negligence theories are negligent supervision and training of employees, negligent use of excessive force, failure to protect Myroniuk, failure to provide proper security at the establishment, negligent striking of Myroniuk with the baseball bat and negligence and carelessness in the removal of Myroniuk from the bar.