■ SENECA INSURANCE COMPANY, INC., Respondent, v JEFFREY NAPRAWA et al., Appellants, and 985 FIFTH AVENUE COMPANY et al., Respondents, et al., Defendants. [742 NYS2d 232] —Order, Supreme Court, New York County (Nicholas Figueroa, J.), entered September 10, 2001, which, in an action to determine whether the policy issued by plaintiff to defendant 985 Fifth Avenue Company requires plaintiff to indemnify its insureds in the event that the liability alleged against the insureds in the underlying action is established, denied, with leave to renew following a determination of liability in the underlying action, defendants-appellants' motion for partial summary judgment, unanimously affirmed, with costs.

In the underlying action, Jeffrey Naprawa alleges that a building employee committed civil assault and battery by beat-

ing him with a pipe after forcefully removing him from the subject building. He seeks to hold the building defendant insureds vicariously liable for their employee's intentional torts and also asserts a common-law negligence claim against the building defendants directly.

Issues of fact precluding summary judgment exist as to whether the underlying incident was an "occurrence," i.e., an accident, within the meaning of the policy, or an intentional act outside the scope of coverage.

Since a timely disclaimer would not be necessary under the statute if the underlying incident was not an "occurrence" (see, Matter of Worcester Ins. Co. v Bettenhauser, 95 NY2d 185), it would be premature to determine whether noncompliance with Insurance Law § 3420 (d) would bar plaintiff insurer from relying on the policy's intentional tort exclusion. Concur—Nardelli, J.P., Saxe, Buckley, Sullivan and Gonzalez, JJ.