■ M.J. FRENZY, LLC, Respondent, v UTICA NATIONAL INSURANCE GROUP, Appellant. [765 NYS2d 38] —Judgment, Supreme Court, New York County (Joan Madden, J.), entered April 4, 2003, which, inter alia, denied defendant's motion for summary judgment and declared that defendant was obligated to provide plaintiff with a defense to the underlying action against it, unanimously affirmed, with costs.

Plaintiff jazz club is insured under a policy issued by defendant that contains an exclusion for "bodily injury * * * intended from the standpoint of the insured" but which exempts from such exclusion "bodily injury resulting from the use of reasonable force to protect persons or property." On April 23, 2000, plaintiff's bartender was involved in an altercation after a drunk, disorderly and abusive patron grabbed him. Police responded and the patron was eventually removed from the premises complaining of an injury to his ankle. On or about March 21, 2001, plaintiff was served with a summons and complaint by the patron alleging assault and battery, negligent hiring and supervision and violation of the Dram Shop Act (General Obligations Law § 11-101 [1]), which plaintiff forwarded to defendant two days later. Defendant disclaimed coverage, relying on the exclusion for intentional acts and asserting that notice was untimely.

Because of the availability of justification as a defense to the assault claim, plaintiff's belief that no lawsuit would be brought was reasonable and its duty to notify defendant of the incident was not triggered until its receipt of the complaint (*see Merchants Mut. Ins. Co. v Hoffman*, 56 NY2d 799, 801 [1982]). The cases cited by defendant in support of its contention that the policy's intentional acts exclusion relieved it of any duty to defend or indemnify plaintiff for the acts of its employee are inapposite, since the governing policies in those cases expressly provide for the exclusion of any claims arising out of assault and battery (*see U.S. Underwriters v Val-Blue Corp.*, 85 NY2d 821, 823 [1995]; *Perez-Mendez v Roseland Amusement & Dev. Corp.*, 305 AD2d 166 [2003]; *Handlebar, Inc. v Utica First Ins. Co.*, 290 AD2d 633 [2002], *lv denied* 98 NY2d 601 [2002]). Concur—Saxe, J.P., Rosenberger, Williams, Marlow and Gonzalez, JJ.