■ NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant, v WILLIAM STEELY et al., Respondents, et al., Defendant. [815 NYS2d 724]—

In an action for a judgment declaring that the plaintiff is not obligated to defend or indemnify the defendant in an underlying action entitled *Masi v Steely,* pending in the United States District Court for the Southern District of New York, under case No. 04 CV 6087, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Natasi, J.), entered May 16, 2005, as denied the plaintiff's motion for summary judgment on its cause of action for a declaration that it had no duty to defend or indemnify its insured.

Ordered that the order is affirmed insofar as appealed from, with costs.

The personal injury action underlying the instant dispute over insurance coverage arises from an incident in which the plaintiff's insured, the defendant William Steely, physically struck the defendant Garibaldi Masi as the two trained in a gymnasium. Steely maintained that his conduct was the result of a reflex reaction that was triggered when Masi assaulted him. Accordingly, the Supreme Court correctly determined that there were triable issues of fact as to whether the incident was an "occurrence" covered by the relevant insurance policy, specifically whether the conduct of the insured was negligent, rather than intentional (*see Seneca Ins. Co. v Naprawa,* 294 AD2d 183, 184 [2002]; *Merrimack Mut. Fire Ins. Co. v Carpenter,* 224 AD2d 894, 895 [1996]; *cf. Slayko v Security Mut. Ins. Co.,* 98 NY2d 289 [2002]). Further, the Supreme Court correctly determined that there were triable issues of fact as to whether Steely's notice of the altercation to the plaintiff insurer, nearly four months after the event, was untimely based on his good faith belief that no civil lawsuit would result from his conduct (*see M.J. Frenzy,*

*LLC v Utica Natl. Ins. Group,* 309 AD2d 566 [2003]). In light of the foregoing, the plaintiff's motion for summary judgment was properly denied. Schmidt, J.P., Krausman, Spolzino and Fisher, JJ., concur.