■ CIAMPA ESTATES, LLC, et al., Appellants, v TOWER INSURANCE COMPANY OF NEW YORK, Respondent, et al., Defendants. [922 NYS2d 379]—

Order and judgment (one paper), Supreme Court, New York County (Debra A. James, J.), entered March 12, 2010, which, insofar as appealed from as limited by the briefs, denied the motion of plaintiffs Ciampa Estates, LLC (Estates) and Everest National Insurance Company (Everest) for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint and declaring that defendant has no obligation to defend or indemnify Estates and Everest in the underlying action, unanimously affirmed, without costs.

An insured's failure to comply with the notice of claim provi-

sion vitiates a contract of insurance (*see Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d 742, 743 [2005]). Here, the only timely notice of claim was submitted not by Estates, an additional insured under the subject policy, but on behalf of plaintiff Ciampa Management Corp. (Management), Estates' corporate affiliate. Notice from another insured, or from another source, does not satisfy an insured's obligation to provide timely notice (*see Travelers Ins. Co. v Volmar Constr. Co.*, 300 AD2d 40, 43 [2002]). There was no evidence that Management was sending the notice as an agent of Estates (*cf. United States Underwriters Ins. Co. v Falcon Constr. Corp.*, 2007 WL 1040028, *9, 2007 US Dist LEXIS 25391, *29-30 [SD NY 2007]), and since Management was not even an insured, the two were not similarly situated (*compare Motor Veh. Acc. Indem. Corp. v United States Liab. Ins. Co.*, 33 AD2d 902 [1970]). Furthermore, because defendant sent out its disclaimer of coverage within six days of ultimately receiving a notice of claim on behalf of Estates, the disclaimer was timely as a matter of law under Insurance Law § 3420 (*see Matter of Temple Constr. Corp. v Sirius Am. Ins. Co.*, 40 AD3d 1109, 1112 [2007] [delay of eight days is not unreasonable as a matter of law]). Concur—Saxe, J.P., Catterson, Acosta, Abdus-Salaam and Román, JJ. **[Prior Case History: 2010 NY Slip Op 30342(U).]**