■ TOWER INSURANCE COMPANY OF NEW YORK, Appellant, v SANITA CONSTRUCTION Co., INC., Defendant, and CIAMPA ESTATES, LLC, Respondent. [11 NYS3d 122]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered July 26, 2013, which, to the extent appealed from, denied plaintiff's motion for summary judgment declaring that

it had no duty to defend and indemnify defendant Sanita Construction Co. in the underlying personal injury action, unanimously reversed, on the law, without costs, the motion granted and it is declared that plaintiff, Tower Insurance Company of New York, had no duty to defend or indemnify Sanita in the underlying action. The Clerk is directed to enter judgment accordingly.

Defendant Ciampa Estates, LLC served a judgment on November 21, 2014 on Sanita in connection with its award for contractual indemnification and defense costs, which remains unsatisfied. Accordingly, pursuant to Insurance Law § 3420 (a) (2), Ciampa "steps into the shoes" of Sanita and has standing to contest Tower's disclaimer of coverage. However, Ciampa forfeited any right to coverage based on its untimely notice (*see Ciampa Estates, LLC v Tower Ins. Co. of N.Y.*, 84 AD3d 511, 512 [1st Dept 2011], *lv denied* 17 NY3d 709 [2011]); thus, its attempt, as a judgment creditor of Sanita, to attack the disclaimer on the doctrine of equitable estoppel, is unavailing, as Sanita has failed to establish prejudice and reliance (*see River Seafoods, Inc. v JPMorgan Chase Bank*, 19 AD3d 120, 122 [1st Dept 2005]).

Ciampa's primary argument is that Tower failed to advise Sanita of its right to independent counsel at Tower's expense. Yet, the right to independent counsel does not establish an affirmative duty on defendant's part to advise its insured of that right (*compare Sumo Container Sta. v Evans, Orr, Pacelli, Norton & Laffan*, 278 AD2d 169, 170 [1st Dept 2000], *with Elacqua v Physicians' Reciprocal Insurers*, 52 AD3d 886, 888-889 [3d Dept 2008]; *Wilner v Allstate Ins. Co.*, 71 AD3d 155, 161 [2d Dept 2010]). Moreover, Tower's August 17, 2006 disclaimer, which should have alerted Sanita of a potential conflict of interests, in addition to the letter from Sanita's "personal, general counsel," which informed assigned defense counsel that it would "protect [Sanita's] interest in respect to this matter," fails to establish Sanita's reliance on Tower's defense strategy (*Sumo*, 278 AD2d at 171).

It was also incumbent on Ciampa to show that the settlement of the underlying action was improvident and that it would not have sustained the claimed damages "but for" defendant attorneys' alleged misconduct leading to the settlement" (*id.*). Ciampa has not challenged the reasonableness of the settlement—it simply challenges the failure to appeal the contractual indemnification order in its attempt to avoid the disclaimer of coverage. Nor has Ciampa (or Sanita) ever challenged the exclusions on which Tower relied. Thus, even if

Tower's counsel had breached some duty of care to Sanita/ Ciampa, such breach, combined with Ciampa's noncompliance with policy notification requirements, was not the proximate cause of any alleged harm (*id.*). Concur—Gonzalez, P.J., Mazzarelli, Acosta, Clark and Kapnick, JJ.