Garry, J.P.
Cross appeal from an order of the Supreme Court (Rumsey, J.), entered January 28, 2016 in Cortland County, which, among other things, granted a motion by defendant Dryden Mutual Insurance Company for summary judgment dismissing the complaint against it.
In May 2015, defendant Michael Christian commenced a personal injury action against plaintiff arising from an incident in February 2014, where plaintiff’s employee physically removed Christian from plaintiff’s bar, causing him to fall. After being advised of the underlying action, defendant Dryden Mutual Insurance Company, plaintiff’s insurance carrier, disclaimed any responsibility to defend or indemnify plaintiff based on the insurance policy’s assault and battery exclusion. The exclusion, which states that it “is subject to the terms contained in the General Liability Coverage,” provides that “ [n] otwithstanding anything contained herein to the contrary, . . . this policy excludes any and all claims arising out of any assault, battery, fight, altercation, misconduct or other similar incident,” including claims of negligent hiring and supervision.
Thereafter, plaintiff commenced this action against Dryden and Christian seeking a declaration that Dryden is obligated to defend and indemnify plaintiff in connection with Christian’s underlying action. Following joinder of issue, Dryden moved for summary judgment dismissing the complaint against it and plaintiff cross-moved for summary judgment. Christian opposed Dryden’s motion. Supreme Court found that Christian’s claims fell within the assault and battery exclusion, granted Dryden’s motion for summary judgment and denied plaintiff’s cross motion. Christian appeals, and plaintiff cross-appeals.*
Initially, Christian argues that the terms in the general liability coverage apply, rather than those in the exclusion, as the language providing that the exclusion is subject to the terms in the general liability coverage is controlling over the language that the exclusion applies “notwithstanding anything contained herein to the contrary.” The terms of the general liability coverage — in both its definitions of covered occurrences and general exclusions — provide for coverage of bodily injury resulting from intentional acts where only “reasonable force” was used to protect “persons or property.” Under these terms, Christian argues that Supreme Court erred in granting sum *1426 mary judgment to Dryden, as a triable issue of fact exists as to whether plaintiff’s employee used reasonable force to remove Christian. Notably, in the underlying action, Christian alleged that plaintiff’s employee used “excessive and unnecessary force.” In the alternative, Christian argues that the terms of the general policy and the exclusion are ambiguous, as the general policy includes coverage for reasonable force and the exclusion precludes coverage where injury results from the acts specified, whether the force used was reasonable or unreasonable.
This Court has previously addressed, and rejected, similar arguments pertaining to a policy in which, with language identical to plaintiff’s policy, the assault exclusion began, “notwithstanding anything contained herein to the contrary” (Handlebar, Inc. v Utica First Ins. Co., 290 AD2d 633, 633 [2002], lv denied 98 NY2d 601 [2002]). Here, in applying Handlebar, Supreme Court properly found that the terms of the exclusion controlled over those in the general liability coverage, as “language such as a ‘notwithstanding’ provision ‘controls over any contrary language’ in a contract” (Warberg Opportunistic Trading Fund, L.P. v GeoResources, Inc., 112 AD3d 78, 83 [2013], quoting Handlebar, Inc. v Utica First Ins. Co., 290 AD2d at 635; see Bank of N.Y. v First Millennium, Inc., 607 F3d 905, 917 [2d Cir 2010] [“This Court has recognized many times that under New York law, clauses similar to the phrase ‘(n)otwithstanding any other provision’ trump conflicting contract terms”]). Thus, as the “notwithstanding” provision controls over the language that the exclusion is subject to the general liability coverage, the terms of the general policy remain in full force and effect “except as altered by the words of the endorsement,” and no ambiguity results (County of Columbia v Continental Ins. Co., 83 NY2d 618, 628 [1994] [emphasis added]; see Handlebar, Inc. v Utica First Ins. Co., 290 AD2d at 635).
Finally, Christian asserts that the assault and battery exclusion does not apply because the underlying action alleges acts of negligence. We disagree. “[I]f no cause of action would exist but for the assault, the claim is based on assault and the exclusion applies” and the fact that an insured might be liable under a theory of negligence does not change this (Mount Vernon Fire Ins. Co. v Creative Hous., 88 NY2d 347, 350-352 [1996]; see Maroney v New York Cent. Mut. Fire Ins. Co., 5 NY3d 467, 471-473 [2005]; U.S. Underwriters Ins. Co. v Val-Blue Corp., 85 NY2d 821, 823 [1995]). An insurer that disclaims coverage does not need to provide a defense when it can “demonstrate that *1427 the allegations of the [underlying] complaint cast that pleading solely and entirely within the policy exclusions, and, further, that the allegations, in toto, are subject to no other interpretation” (Automobile Ins. Co. of Hartford v Cook, 7 NY3d 131, 137 [2006]; accord RVST Holdings, LLC v Main St. Am. Assur. Co., 136 AD3d 1196, 1197 [2016]; see Sportsfield Specialties, Inc. v Twin City Fire Ins. Co., 116 AD3d 1270, 1274 [2014], lv denied 23 NY3d 909 [2014]).
Here, the record supports Supreme Court’s finding that there is no material dispute as to the relevant facts. In the underlying action, Christian alleged that plaintiff’s employee “attack[ed],” “push[ed]” and “assault[ed]” him. As described in the sworn statements of Christian and various witnesses, the incident at issue occurred when plaintiff’s employee ejected Christian from plaintiff’s bar by placing him in a headlock and pushing him out on to an icy sidewalk where he fell and struck his head. Multiple witnesses allegedly saw plaintiff’s employee pick Christian up and carry him to the exit, apparently while in the headlock. Plaintiff’s employee also admitted in a sworn statement to police that he placed his left arm “over and behind” Christian, took him to the exit and pushed him outside and that he could not tell if Christian then “slipped or he never had his footing.” As it is readily apparent that Christian’s claim is based upon an assault for which coverage is precluded, and the exclusion also specifically precludes coverage for claims of negligence arising out of an assault or similar misconduct, it is clear that Dryden met its burden (see Mount Vernon Fire Ins. Co. v Creative Hous., 88 NY2d at 352; Sportsfield Specialties, Inc. v Twin City Fire Ins. Co., 116 AD3d at 1275; Handlebar, Inc. v Utica First Ins. Co., 290 AD2d at 635; compare M.J. Frenzy, LLC v Utica Natl. Ins. Group, 309 AD2d 566, 567 [2003]). Accordingly, Supreme Court properly granted summary judgment to Dryden. In light of this determination, the parties’ remaining contentions have been rendered academic.
Egan Jr., Rose, Devine and Aarons, JJ., concur.
Ordered that the order is affirmed, without costs.

 Plaintiff has adopted Christian’s appellate brief in its entirety, stating that its position is “identical to the submission of Christian and incorporates the entire submission on behalf of Christian.”