County of Suffolk v United States Liab. Ins. Co. (2021 NY Slip Op 01388)





County of Suffolk v United States Liab. Ins. Co.


2021 NY Slip Op 01388


Decided on March 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2018-09382
 (Index No. 601268/17)

[*1]County of Suffolk, et al., appellants,
v
United States Liability Insurance Company, et al., respondents.


Dennis M. Cohen, County Attorney, Hauppauge, NY (Susan A. Flynn of counsel), for appellants.
Miranda Slone Sklarin Verveniotis LLP, Elmsford, NY (Richard S. Sklarin of counsel), for respondents United States Liability Insurance Company and Circle of Chiefs, doing business as Friends of Bradstock.



DECISION & ORDER
In an action for declaratory relief, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County (Joseph Pastoressa, J.), dated June 20, 2018. The order and judgment granted the motion of the defendants United States Liability Insurance Company and Circle of Chiefs, doing business as Friends of Bradstock, for summary judgment declaring that the defendant United States Liability Insurance Company is not obligated to defend or indemnify the plaintiffs in an underlying action entitled Creutzberger v County of Suffolk, commenced in the Supreme Court, Suffolk County, under Index No. 39984/08, and declared that the defendant United States Liability Insurance Company is not obligated to defend or indemnify the plaintiffs in the underlying action.
ORDERED that the order and judgment is affirmed, with costs.
During the evening of September 2, 2007, John Creutzberger attended a music festival sponsored by the defendant Circle of Chiefs, doing business as Friends of Bradstock (hereinafter Circle of Chiefs), which was held on property owned by the plaintiff County of Suffolk and occupied by the plaintiff Long Island Maritime Museum (hereinafter the Museum). During the festival, Creutzberger allegedly was injured while riding his bicycle on the grounds. Circle of Chiefs was insured by the defendant United States Liability Insurance Company (hereinafter USLIC) under a liability insurance policy, and the County and the Museum were named as additional insureds under the policy. The insurance policy required, inter alia, that USLIC be notified "as soon as practicable of an 'occurrence' or an offense which may result in a claim."
In September 2007, Circle of Chiefs provided notice to USLIC of a "potential claim" against it based upon the subject accident. The notice did not mention the County or the Museum. In January 2008, USLIC was notified of the identity of the allegedly injured party, and commenced an investigation of the incident. In February 2008, USLIC learned of a 90-day notice filed with the County, and a potential General Municipal Law § 50-h hearing "in the near future." On April 3, 2008, USLIC obtained for the first time a copy of a notice of claim dated September 19, 2007, filed [*2]against the County, among others. On April 4, 2008, USLIC issued a letter disclaiming coverage to the County and the Museum on the ground that it had not received notice from the County and the Museum of the claims asserted against them.
In October 2008, Creutzberger commenced an action against the County and the Museum, among others, to recover damages for personal injuries (hereinafter the underlying action). In November 2016, the County and the Museum (hereinafter together the plaintiffs) commenced this action for a judgment declaring that USLIC is obligated to defend and indemnify them in the underlying action. Thereafter, USLIC and Circle of Chiefs moved for summary judgment declaring that USLIC is not obligated to defend and indemnify the plaintiffs in the underlying action. In an order and judgment dated June 20, 2018, the Supreme Court granted the motion and made the requested declaration. The plaintiffs appeal.
"'[An] insured's failure to satisfy the notice requirement [under an insurance policy] constitutes "a failure to comply with a condition precedent which, as a matter of law, vitiates the contract"'" (Plotkin v Republic-Franklin Ins. Co., 177 AD3d 790, 792, quoting Great Canal Realty Corp. v Seneca Ins. Co., Inc., 5 NY3d 742, 743, quoting Argo Corp. v Greater N.Y. Mut. Ins. Co., 4 NY3d 332, 339). Further, "'[t]he fact that an insurer may have received notice of the claim from the primary insured, or from another source, does not excuse an additional insured's failure to provide notice'" (Allen v Leon D. DeMatteis Constr. Corp., 175 AD3d 642, 643-644, quoting 23-08-18 Jackson Realty Assoc. v Nationwide Mut. Ins. Co., 53 AD3d 541, 543 [internal quotation marks omitted]).
Here, USLIC and Circle of Chiefs established their prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiffs, as additional insureds, had a duty to provide USLIC with notice of the claim "as soon as practicable," and that USLIC disclaimed coverage on the basis that the plaintiffs failed to provide timely notice of the claim to it (see Ciampa Estates, LLC v Tower Ins. Co. of N.Y., 84 AD3d 511, 511-512). In opposition, the plaintiffs failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the motion of USLIC and Circle of Chiefs for summary judgment declaring that USLIC is not obligated to defend or indemnify the plaintiffs in the underlying action, and made the requested declaration.
DILLON, J.P., LASALLE, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court