State Farm Fire & Cas. Co. v Russo (2024 NY Slip Op 02719)

State Farm Fire & Cas. Co. v Russo

2024 NY Slip Op 02719

Decided on May 15, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2021-07569
 (Index No. 603466/20)

[*1]State Farm Fire and Casualty Company, appellant, 
v
Jacob Russo, respondent, et al., defendants.

Kennedys CMK LLP, New York, NY (Ann M. Odelson and Douglas J. Steinke of counsel), for appellant.
Davis & Ferber, LLP (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for respondent.

DECISION & ORDER
In an action for a judgment declaring that the plaintiff is not obligated to defend or indemnify the defendant Jacob Russo in an underlying third-party action entitled Eichle v Russo, commenced in the Supreme Court, Suffolk County, under Index No. 616028/18, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Kathy G. Bergmann, J.), dated October 6, 2021. The order granted the motion of the defendant Jacob Russo pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him and denied the plaintiff's motion for summary judgment declaring that the plaintiff is not obligated to defend or indemnify the defendant Jacob Russo in the underlying third-party action and dismissing that defendant's counterclaims.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying those branches of the plaintiff's motion which were for summary judgment dismissing the third and fourth counterclaims of the defendant Jacob Russo, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.
In August 2018, J.P., as the parent and natural guardian of the infant, M.P., commenced an action against, among others, Kim Eichle to recover damages for personal injuries M.P. allegedly sustained during an incident that occurred on January 1, 2018, at Eichle's residence (hereinafter the underlying action). The amended complaint in the underlying action alleged, among other things, that M.P. was injured as a result of Eichle's negligence in serving alcoholic beverages to her houseguest, Jacob Russo, who assaulted M.P. Additionally, the amended complaint alleged that M.P. was injured as a result of Eichle's negligence in failing to properly maintain a certain sidewalk adjacent to her residence by keeping it free from snow and ice. Eichle subsequently commenced a third-party action against Russo alleging, among other things, that any injuries allegedly sustained by M.P. were solely the result of Russo's negligence or the result of an assault by Russo.
At the time of the subject incident, Russo was covered under a homeowners insurance policy issued by State Farm Fire and Casualty Company (hereinafter State Farm) to Russo's parents. [*2]State Farm initially agreed to provide a defense to Russo, but subsequently commenced this action against Russo, among others, seeking a declaration that it was not obligated to defend or indemnify Russo in the third-party action. State Farm alleged that the injuries in the underlying action did not result from an "occurrence" for which the subject policy afforded coverage and that Russo's conduct was also barred by exclusions in the subject policy. Russo interposed an answer in which he asserted, inter alia, five counterclaims, alleging breach of duty to defend, breach of duty to indemnify, "conflict of interest," and bad faith, and seeking recovery of attorneys' fees.
Russo moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him. State Farm moved for summary judgment declaring that it is not obligated to defend or indemnify Russo in the third-party action and dismissing Russo's counterclaims. In an order dated October 6, 2021, the Supreme Court granted Russo's motion and denied State Farm's motion. State Farm appeals.
"In determining a dispute over insurance coverage, we first look to the language of the policy" (Consolidated Edison Co. of N.Y. v Allstate Ins. Co., 98 NY2d 208, 221; see Grenadier Realty Corp. v RLI Ins. Co., 218 AD3d 751, 753). Here, the subject policy provides coverage for, among other things, bodily injury caused by an "occurrence," which is defined, in pertinent part, as "an accident . . . which results in . . . bodily injury." The policy also contains exclusions for bodily injury which "is either expected or intended by the insured" or "is the result of willful and malicious acts of the insured."
Contrary to State Farm's contention, the Supreme Court properly denied that branch of its motion which was for summary judgment declaring that it is not obligated to defend or indemnify Russo in the third-party action. State Farm failed to demonstrate, prima facie, that the incident at issue did not constitute an "occurrence" within the meaning of the subject policy (see New York Cent. Mut. Fire Ins. Co. v Steely, 29 AD3d 967, 967; cf. Rinaldi v Wakmal, 183 AD3d 652, 654) or that the subject policy exclusions preclude coverage for the incident (cf. Unitrin Auto and Home Ins. Co. v Sullivan, 179 AD3d 970, 972).
For the same reasons, the Supreme Court properly denied those branches of State Farm's motion which were for summary judgment dismissing Russo's first and second counterclaims, alleging breach of duty to defend and breach of duty to indemnify, respectively, as well as the fifth counterclaim, seeking recovery of attorneys' fees incurred in defending against this action (see Hershfeld v JM Woodworth Risk Retention Group, Inc., 213 AD3d 651, 652).
However, the Supreme Court should have granted those branches of State Farm's motion which were for summary judgment dismissing Russo's third counterclaim, alleging conflict of interest predicated on State Farm's alleged affirmative obligation to advise Russo of his right to retain independent counsel, and Russo's fourth counterclaim, alleging bad faith. State Farm did not have an affirmative duty to advise Russo of the right to retain independent counsel (see Tower Ins. Co. of New York v Sanita Const. Co., Inc., 129 AD3d 430, 431; Sumo Container Sta. v Evans, Orr, Pacelli, Norton & Laffan, 278 AD2d 169, 170). Further, the fourth counterclaim, alleging bad faith, is duplicative of the first and second counterclaims, alleging breach of the duty to defend and breach of the duty to indemnify, respectively, and "[t]here is no separate tort for bad faith refusal to comply with an insurance contract" (Schlusselberg v New York Cent. Mut. Fire Ins. Co., 206 AD3d 682, 683; see Paterra v Nationwide Mut. Fire Ins. Co., 38 AD3d 511, 513).
The Supreme Court properly granted Russo's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him. "[A] request for a declaratory judgment is premature if the future event is beyond the control of the parties and may never occur" (New York Pub. Interest Research Group v Carey, 42 NY2d 527, 531; see Prashker v United States Guar. Co., 1 NY2d 584, 591). Here, State Farm failed to establish, as a matter of law, that there is no possible factual or legal basis on which it may eventually be held liable under its policy (see First State Ins. Co. v J & S United Amusement Corp., 67 NY2d 1044, 1046). Thus, the declaration sought by State Farm cannot be granted in advance of the trial of the underlying action, and the court properly [*3]determined that this action was premature (see Allstate Ins. Co. v Kemp, 144 AD2d 853, 854; Commerce & Indus. Ins. Co. v Sciales, 132 AD2d 516; State Farm Fire & Cas. Co. v Joslyn, 99 AD2d 631, 632).
In light of our determination, we need not reach the parties' remaining contentions.
CONNOLLY, J.P., CHAMBERS, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court