| **Lopez v City of New York** |
| --- |
| 2024 NY Slip Op 33114(U) |
| September 6, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 152889/2016 |
| Judge: Richard Tsai |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| **PRESENT:** | **HON. RICHARD TSAI** | **PART** 21 |
| | *Justice* | |

-------------------------------------------------------------------------------X

MICHELLE LOPEZ,

               Plaintiff,

          - v -

THE CITY OF NEW YORK, NEW YORK CITY TRANSIT
AUTHORITY, 1988 SECOND AVENUE HOLDING LLC,

               Defendants.

-------------------------------------------------------------------------------X

1988 SECOND AVENUE HOLDING LLC

               Third-Party Plaintiff,

          -against-

SKANSKA SCHIAVONE & SHEA, S3 TUNNEL
CONSTRUCTORS, ZURICH AMERICAN INSURANCE
COMPANY,

               Third-Party Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 152889/2016 |
| **MOTION DATE** | 10/25/2023 |
| **MOTION SEQ. NO.** | 003 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595515/2016

The following e-filed documents, listed by NYSCEF document numbers (Motion 003) 138-161, 163
were read on this motion to/for                              SEVER                   .

Upon the foregoing documents, it is **ORDERED** that third-party defendant Zurich
American Insurance Company's motion to sever the third-party action as against it is
**GRANTED**, and the fourth cause of action of the third-party complaint against third-
party defendant Zurich American Insurance Company is severed from this action;
and it is further

      **ORDERED** that the caption in this action is amended to read as follows:

**152889/2016   LOPEZ, MICHELLE vs. CITY OF NEW YORK**
Motion No.  003

**Page 1 of 4**

1 of 4

MICHELLE LOPEZ,

Plaintiff,

*against*

THE CITY OF NEW YORK, NEW YORK CITY TRANSIT
AUTHORITY, 1988 SECOND AVENUE HOLDING LLC,

Defendants.

1988 SECOND AVENUE HOLDING LLC

Third-Party Plaintiff,

-against-

SKANSKA SCHIAVONE & SHEA, S3 TUNNEL
CONSTRUCTORS,

Third-Party Defendants.

and it is further

**ORDERED** that, within 30 days from entry of this order, third-party defendant Zurich American Insurance Company shall serve a copy of this order with notice of entry on the Clerk of the Court (i.e., the County Clerk); and it is further

**ORDERED** that service of this order upon the Clerk of the Court shall be in accordance with the procedures set forth set forth in Section J of the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases*[1] (accessible at the "E-Filing" page on the court's website at https://www.nycourts.gov/LegacyPDFS/courts/1jd/supctmanh/Efil-protocol.pdf); and it is further

**ORDERED** that, upon service of a copy of this order with notice of entry, the Clerk of the Court is directed to issue a new index number for the severed third-party action against Zurich American Insurance Company, without fee; and it is further

---

[1] Pursuant to Section J, in order for the Clerk of the General Clerk's Office to effectuate this order, the movant must e-file a copy of the order "using the NYSCEF document type 'Service on Supreme Court Clerk (Genl. Clerk) w/Copy of Order'" and the filer must provide "as additional information (in the 'Additional Document Information' field) a brief description of the type of order being submitted (e.g., 'Order of Consolidation' . . . ) (*id.*).

Likewise pursuant Section J, in order for the County Clerk to effectuate this order, the movant must serve a copy of this order on the County Clerk "by filing with NYSCEF a completed Notice to the County Clerk - CPLR § 8019 (c) (NYSCEF Form EF-22, available on the NYSCEF site)" (*id.*)

**152889/2016   LOPEZ, MICHELLE vs. CITY OF NEW YORK**
**Motion No.  003**

**Page 2 of 4**

2 of 4

**ORDERED** that the severed third-party action shall bear the following caption:

1988 SECOND AVENUE HOLDING LLC,

Plaintiff,

*against*

ZURICH AMERICAN INSURANCE COMPANY,

Defendant.

and it is further

**ORDERED** that the pleadings in the third-party action hereby severed shall stand as the pleadings in the new action; and it is further

**ORDERED** that, as applicable and insofar as is practical, the Clerk of this Court shall either file in the New York State Courts Electronic Filing System the documents in the third-party action being severed under the new index number to be issued, or make appropriate notations of such documents in the e-filing records of the court so as to ensure access to the documents that were previously filed in the third-party action; and it is further

**ORDERED** that counsel for third-party defendant Zurich American Insurance Company shall contact the staff of the Clerk of the Court to arrange for the effectuation of the severance hereby directed; and it is further

**ORDERED** that, within 30 days from entry of this order, third-party defendant Zurich American Insurance Company shall serve a copy of this order with notice of entry on the Clerk of the General Clerk's Office, who is hereby directed to reflect the severance of the third-party action by appropriately marking the court's records; and it is further

**ORDERED** that such service upon the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in Section J of the aforesaid *Protocol*.

As third-party defendant Zurich American Insurance Company (Zurich) correctly points out, "It is generally recognized that, even where common facts exist, it is prejudicial to insurers to have issues of insurance coverage tried before the same jury that considers the underlying liability claims" (*Christensen v Weeks*, 15 AD3d 330, 331 [2d Dept 2005]); *see also Robles v Microtech Contr. Corp.*, 90 AD3d 531 [1st Dept 2011]; *Kelly v Yannotti*, 4 NY2d 603 [1958]).

Third-Party Plaintiff 1988 Second Avenue Holdings, LLC (1988 Second) opposes severance, arguing that the cause of action against Zurich should be tried together to avoid the risk of inconsistent determinations. This argument is unpersuasive.

**152889/2016   LOPEZ, MICHELLE vs. CITY OF NEW YORK**
**Motion No.  003**

**Page 3 of 4**

[* 4]

The only cause of action against Zurich is for a determination that 1988 Second was an additional insured and entitled to defense and indemnification in the main action, under a policy which Zurich purportedly issued to Skanska Schiavone & Shea and S3 Tunnel Constructors, which could easily have been brought as a separate declaratory judgment action. If the coverage dispute cannot be resolved due to disputed issues of fact, then the coverage dispute can be stayed pending the outcoming of the underlying personal injury action (*see e.g. Allstate Ins. Co. v Kemp*, 144 AD2d 853, 854 [3d Dept 1988]), which would obviate any inconsistent factual determinations.

The fact that the third-party action is only partial severed might create practical logistical obstacles to effectuate the severance. For example, the County Clerk might require a new pleading to efiled in the newly severed action. Should 1988 Second refuse to cooperate with effectuating the severance, Zurich may bring a motion in this action to compel such additional acts which would be necessary to fully effectuate the severance of the third-party action against Zurich.

20240906132615RTSAI3DCB692996B14D2C8A05D9237F318BBE

_____
9/6/2024
**DATE**

_____
**RICHARD TSAI, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**152889/2016   LOPEZ, MICHELLE vs. CITY OF NEW YORK**
Motion No.  003

Page 4 of 4

4 of 4